## SMITH v. BROUSSARD.
### No. 4838.

Court of Civil Appeals of Texas. Beaumont.
April 2, 1953.

Rehearing Denied April 22, 1953.

Orgain, Bell & Tucker, Beaumont, for appellant.

Cecil, Keith & Mehaffy, Beaumont, for appellee.

PER CURIAM.

This is an appeal from a judgment in the County Court of Jefferson County at Law in favor of Jules Broussard, appellee, against M. A. Smith, appellant. Broussard brought suit against Smith for damages to his automobile resulting from a collision at the intersection of 7th Street and Mobile Avenue in the City of Port Arthur. Smith filed a cross-action against Broussard. Each party alleged that the other was negligent and at fault in the collision, which resulted in damage only to the two cars of the parties. The parties stipulated that the damage to Broussard's car was $350 and damage to Smith's car was $234. The case was tried to a jury. The fact issues as to which of the parties were negligent were hotly contested. The jury found on all issues in favor of the appellee and against the appellant, finding that appellant failed to keep a proper lookout, entered the intersection when it was already occupied by the appellee, that these acts constituted negligence and that such negligence was the proximate cause of the collision. The jury further found in answer to various issues that appellee was not negligent in any respect and that the collision was not the result of an unavoidable accident. On the jury's verdict and the stipulation as to damages, judgment was entered for the appellee and appellant has duly perfected his appeal.

The appeal is before us on one point of error. There is no complaint as to the court's charge, nor as to the sufficiency of the evidence, nor as to the admission or rejection of evidence.

From the evidence it was established that Broussard was a colored man employed by the City of Port Arthur, who was on his way home to see about the condition of his sick wife at the time of the collision. He was driving north on Mobile Avenue. Appellant Smith was driving his car west on 7th Street accompanied by Mr. Montagne, seated in the rear seat and Mr.

W. M. Garrett, seated in the front seat with Mr. Smith. He was on his way to work at the refinery of Gulf Oil Corporation. The three were members of a car pool who had been driving each other to work on alternate days as members of such pool for 14 years. The car pool was still in operation at the time of the trial. Broussard testified on the trial that he had entered the intersection on a green light and was nearly across 7th Street past the center line when Smith's car ran into his car broadside. Smith testified that he stopped at the intersection, or was practically stopped, waited for a green light and when he started through the intersection as the light turned green Broussard's car banged into his car. The testimony of each party, if accepted by the jury, would have completely exonerated himself and placed the blame fully on the other. Mr. Montagne, who was seated in the rear seat of Mr. Smith's car testified and in general corroborated the testimony of Mr. Smith. He also testified that he thought Mr. Garrett in the front seat had shouted a warning to Mr. Smith as he started up his car to enter the intersection.

Mr. Garrett was not present and did not testify. On this fact arises the incident on which the appellant bases his appeal. Counsel for the appellee, in the course of his argument, stated that the appellant did not bring Mr. Garrett to testify and Mr. Garrett was sitting in the front seat of the car. Counsel for appellant objected to the argument as follows: "We object to that argument, your Honor, in that no proper predicate has been laid to allow a comment on the fact that a witness was or was not here to testify. There is no testimony in the record concerning why any witness was not present." The trial court overruled the objection. Counsel thereupon resumed his argument to the jury and referred to Mr. Garrett as sitting in the front seat where he could see the most and further argued that the only witness called by appellant was Mr. Montagne, who was sitting in the back seat and who could not see how the accident occurred and did not see the traffic light and so testified. Counsel did not again refer to Mr. Garrett as a witness who was not present.

The point of error of the appellant is that the court erred in overruling his objections to the argument made as above outlined. We do not agree with the contention of the appellant that this constituted improper argument so as to require a reversal of the judgment. It is not disputed that the appellant did not bring Mr. Garrett as a witness. It is also reasonable to deduce from the evidence that Mr. Garrett was in position to observe the details of the accident. It is also to be deduced from the evidence that Mr. Garrett, a long-time companion of Mr. Smith in their car pool, was readily accessible to the appellant as a witness. Counsel is privileged in his argument to comment on the absence or non-production of witnesses, when it is within the power of the opposing party to produce them and when such witnesses are possessed of a knowledge of the transaction inquired about. In so commenting counsel may draw unfavorable inferences from the fact. There are many decisions of our courts on the question, in some of which incidents are detailed where such a comment is improper and other instances in which such comments are proper. No strict and clear general rule can be drawn from all of these authorities which can apply to every case. The facts of each case as presented must determine whether under its own circumstances the failure of a party to produce a witness can be fairly commented upon by the opposing counsel. We think the fact here that Mr. Garrett and Mr. Smith had been so closely associated in a car pool for so long a time places the witness in practically the same status as that of a family physician who treated the injured party and was not called to testify about such party's injuries. In the case at bar counsel in the argument complained of did not attempt to tell the jury what the testimony of the missing witness probably would have been. He merely remarked that appellant did not bring Mr. Garrett and Mr. Garrett was in position to see what happened.

·Counsel for both sides have zealously briefed this question and both have cited numerous authorities in support of their contentions. We are satisfied from all of the authorities cited and the entire record of this case that the argument complained of here was not improper under the circumstances and no reversible error is shown.

The judgment of the trial court is affirmed.